IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENALY MCALISTER,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF ALASKA, DEPARTMENT OF PUBLIC SAFETY, *et al.*,<br><br>                Defendants. | Case No. 3:23-cv-00029-JMK<br><br>**ORDER DIRECTING ENTRY OF PARTIAL FINAL JUDGMENT AND DENYING AN AWARD OF ATTORNEY'S FEES** |

At Docket 64, Defendant Tau Malaki moves for entry of judgment as to all claims against her, and an award of attorney's fees under Federal Rules of Civil Procedure 54(b) and 54(d)(2). At Docket 68, Defendant Emily Jourdan also moves for entry of judgment as to all claims against her. Plaintiff Denaly McAlister responded in opposition to the two motions at Dockets 65 and 71, respectively.

For the following reasons, the Court will direct entry of partial final judgment as to Ms. Malaki and Ms. Jourdan, but will not award fees as requested.

## I. BACKGROUND

The Court presumes the parties' familiarity with the allegations in the complaint in this case, which are more fully recounted in the Court's Order at Docket 61. For the purposes of the present motion, the Court provides the following background.

This is a civil rights action arising from Plaintiff Denaly McAlister's termination from the Alaska State Trooper's Training Academy in August 2021.[1] Ms. McAlister alleges that the State of Alaska, the Department of Public Safety, and individual defendants—both Training Academy employees and trainee recruits who attended the Academy with Ms. McAlister—discriminated against her on the basis of her race and sex, retaliated against her for reporting harassment, and conspired to interfere with her civil rights.[2]

Ms. Malaki is a member of the Unalaska Police and attended the Alaska State Trooper Training Academy in that capacity with Ms. McAlister.[3] Ms. Malaki was present with Ms. McAlister in the women's locker room when, on August 3, 2021, a male recruit entered while the women were undressed.[4] The two women reported this incident and were interviewed by members of the Training Academy staff.[5] Additionally, Ms. Malaki was involved in a training exercise after which Ms. McAlister was accused of cheating and terminated from the Training Academy.[6] Ms. McAlister alleges that Ms. Malaki made a

---

[1] *See generally* Docket 29.
[2] Docket 29 at ¶¶ 43–99.
[3] Docket 55.
[4] Docket 29 at ¶ 28.
[5] *Id.*
[6] *Id.* at ¶¶ 30, 38, 86, 97.

*McAlister v. State of Alaska, et al.*     Case No. 3:23-cv-00029-JMK
Order Directing Entry of Partial Final Judgment and Denying an Award of Attorney's Fees     Page 2
Case 3:23-cv-00029-JMK    Document 76    Filed 04/17/24    Page 2 of 11

false report to the Training Academy staff that Ms. McAlister had cheated during the exercise.[7]

Ms. Jourdan is a Village Public Safety Officer employed by the Central Council of Tlingit & Haida Indian Tribes of Alaska and attended the Alaska State Trooper Training Academy in that capacity with Ms. McAlister.[8] She also participated in the training exercise after which Ms. McAlister was accused of cheating and terminated.[9] Ms. McAlister alleges that Ms. Jourdan made a false report to staff that Ms. McAlister had cheated during the exercise.[10]

Ms. McAlister initiated this action and asserted claims against Ms. Malaki and Ms. Jourdan under 42 U.S.C. § 1981, § 1983, and § 1985(3) for violation of, and interference with, her civil rights.[11] Both Ms. Malaki and Ms. Jourdan moved to dismiss the claims against them.[12] Ultimately, the Court concluded that Ms. McAlister failed to allege facts that supported any inference that Ms. Malaki harbored the intent to discriminate on the basis of race, or conspired to deprive her of her civil rights, and dismissed all three claims.[13] Further, it concluded that Ms. Jourdan is immune from suit because she acted in her capacity as a Tribal officer while at the Training Academy and dismissed Ms. McAlister's claims against her.[14]

---

[7] *Id.* at ¶ 86.
[8] Docket 61 at 8.
[9] Docket 29 at ¶¶ 30, 38, 86, 97.
[10] *Id.* at ¶ 86.
[11] Docket 1; *see also* Docket 29 at ¶¶ 80, 86, 97.
[12] Docket 49; Docket 31.
[13] *See* Docket 61 at 16–19.
[14] *Id.* at 6–9.

*McAlister v. State of Alaska, et al.*     Case No. 3:23-cv-00029-JMK
Order Directing Entry of Partial Final Judgment and Denying an Award of Attorney's Fees     Page 3
Case 3:23-cv-00029-JMK    Document 76    Filed 04/17/24    Page 3 of 11

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) states that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason to delay."[15] This rule "permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims" and was adopted "specifically to avoid the possible injustice of delaying judgment on a distinctly separate claims pending adjudication of the entire case."[16]

A determination under Federal Rule of Civil Procedure 54(b) proceeds in two steps. First, "[a] district court must first determine that it is dealing with a 'final judgment.'"[17] The court's decision "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"[18]

Once the court determines there is a 'final judgment,' "the district court must go on to determine whether there is any just reason for delay."[19] "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal."[20] In making this equitable

---

[15] Fed. R. Civ. P. 54(b).
[16] *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409–10 (2015) (internal quotations and alterations omitted).
[17] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).
[18] *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).
[19] *Id.* at 8.
[20] *Id.* (internal quotations and citations omitted).

*McAlister v. State of Alaska, et al.*     Case No. 3:23-cv-00029-JMK
Order Directing Entry of Partial Final Judgment and Denying an Award of Attorney's Fees     Page 4

Case 3:23-cv-00029-JMK    Document 76    Filed 04/17/24    Page 4 of 11

determination, district courts are instructed to weigh the "inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other. . . ."[21] Ultimately, "sound judicial administration does not require that Rule 54(b) requests be granted routinely."[22]

### III. DISCUSSION

Ms. Malaki and Ms. Jourdan each seek a partial final judgment dismissing them as parties. Additionally, Ms. Malaki seeks award of attorney's fees. As explained below, the Court concludes that a partial final judgment dismissing both parties is warranted, but an award of fees is not.

**A.  A Partial Final Judgment Dismissing Ms. Malaki as a Party is Appropriate**

Ms. Malaki argues that the Court should enter final judgment dismissing her as a party because it dismissed all the claims against her, did not grant Ms. McAlister leave to amend her complaint, and further delay in entering a judgment would increase Ms. Malaki's expenses without any benefit.[23] Ms. McAlister insists that "[e]ach of the claims [Ms.] Malaki has been dismissed from remain active" because she played a role in the activities that led to Ms. McAlister's termination.[24] And she faults Ms. Malaki for

---

[21] *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 153 (1964); *see also Curtiss-Wright Corp.*, 446 U.S. at 10 (noting the district court's evaluation should include "such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units").
[22] *Curtiss-Wright Corp.*, 446 U.S. at 10.
[23] Docket 64 at 3.
[24] Docket 65 at 4.

*McAlister v. State of Alaska, et al.*  Case No. 3:23-cv-00029-JMK
Order Directing Entry of Partial Final Judgment and Denying an Award of Attorney's Fees     Page 5
Case 3:23-cv-00029-JMK   Document 76   Filed 04/17/24   Page 5 of 11

failing to discuss the factors relevant to a Rule 54(b) judgment, including the risk of piecemeal appeals.[25]

A partial final judgment is appropriate in this case. *First*, the Court's decision as to the claims against Ms. Malaki is a final judgment as it ultimately disposes of the claims for relief against Ms. Malaki. With respect to each claim, the Court found that Ms. McAlister's First Amended Complaint lacked any facts that could support essential elements of her claims with respect to Ms. Malaki.[26] Ms. McAlister did not seek leave to amend, nor did the Court grant leave *sua sponte*.

*Second*, there is no just reason to delay judgment with respect to Ms. Malaki in this case. True, Ms. Malaki was present for the events that form the factual core of Ms. McAlister's complaint. But, as the Court's order dismissing the claims against Ms. Malaki clearly articulates, Ms. Malaki had no role in the Training Academy's termination decisions, no factual allegation allows an inference that she was motivated by Ms. McAlister's race to make false accusations, or that she otherwise acted with intent to discriminate.[27] There is minimal risk of successive appeals because dismissal of two of the three claims levied against Ms. Malaki turned on the absence of allegations related to her individual intent, which is not intertwined with the facts related to other claims in this matter. Moreover, any risk of piecemeal appeal of the Court's dismissal of Ms. McAlister's § 1985(3) claim against Ms. Malaki is outweighed by danger of denying justice by delay.

---

[25] *Id.* at 3–4.
[26] Docket 61 at 16–19.
[27] *See id.*

McAlister v. State of Alaska, et al.　　　　　　　　　　　　　　　　　　　　　Case No. 3:23-cv-00029-JMK
Order Directing Entry of Partial Final Judgment and Denying an Award of Attorney's Fees　　　Page 6
Case 3:23-cv-00029-JMK　　Document 76　　Filed 04/17/24　　Page 6 of 11

Ms. McAlister levied grave allegations against Ms. Malaki, which has required her to incur significant cost. The Court determined that Ms. McAlister's First Amended Complaint wholly failed to support these conclusory allegations in crucial ways. There is no just reason to continue to require Ms. Malaki to bear costs in this context.

Accordingly, Ms. Malaki's request for a partial final judgment under Rule 54(b) is **GRANTED**. The Clerk of Court is respectfully directed to enter final judgment dismissing Ms. Malaki as a party in this case.

### B. A Partial Final Judgment Dismissing Ms. Jourdan is Appropriate

Ms. Jourdan argues that entry of a partial final judgment dismissing the claims against her is warranted because the Court's Order at Docket 61 "indisputably constituted [its] ultimate disposition of all claims against Ms. Jourdan" and that there is no risk of piecemeal appeal or prejudice to the other parties.[28] Ms. McAlister agrees that the Court's decision ultimately disposes of her claims against Ms. Jourdan, but insists that entry of a partial final judgment risks multiple appeals.[29]

A partial final judgment dismissing Ms. Jourdan is appropriate as the Court has ultimately disposed of the claims against her and there is no just reason for delay. The Court dismissed Ms. McAlister's claims against Ms. Jourdan and did not allow leave to amend.[30] Nor could it have as no amendment would have allowed Ms. McAlister to

---

[28] Docket 68 at 2–3 (internal quotations and citations omitted).
[29] Docket 71 at 1–4.
[30] Docket 61 at 19.

*McAlister v. State of Alaska, et al.*     Case No. 3:23-cv-00029-JMK
Order Directing Entry of Partial Final Judgment and Denying an Award of Attorney's Fees     Page 7
Case 3:23-cv-00029-JMK    Document 76    Filed 04/17/24    Page 7 of 11

circumvent Ms. Jourdan's immunity from suit as a tribal officer.[31] Furthermore, there is no risk of piecemeal appeals. The Court dismissed the claims against Ms. Jourdan on jurisdictional grounds that are not applicable to any other defendant in the case.[32] As such, an appeal from the Court's order would necessarily raise an issue—tribal sovereign immunity—that is separate from any other issue in the case. In highlighting the risk of multiple appeals, Ms. McAlister misapprehends the "juridical concerns with piecemeal appeals."[33] The Court's focus in analyzing the risk of piecemeal appeals is whether the "'case would [not] inevitably come back to this court on the same set of facts.'"[34] The issues that may be raised on appeal need not "be completely distinct from the rest of the action, so long as resolving the claims would 'streamline the ensuing litigation.'"[35] Here, multiple appeals would not be "piecemeal" as an appeal from the order dismissing Ms. Jourdan would necessarily raise a distinct issue.

Ms. Jourdan's request for a partial final judgment under Rule 54(b) is **GRANTED**. The Clerk of Court is respectfully directed to enter final judgment dismissing Ms. Jourdan as a party in this case.

---

[31] *See Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996) (noting dismissal with prejudice is appropriate when amendment is futile).
[32] Docket 61 at 8–9.
[33] *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015).
[34] *Id.* (alteration in original) (quoting *Wood v. GCC Bend, LLC,* 422 F.3d 873, 879 (9th Cir. 2005)).
[35] *Id.* (internal quotations and citations omitted).

*McAlister v. State of Alaska, et al.* Case No. 3:23-cv-00029-JMK
Order Directing Entry of Partial Final Judgment and Denying an Award of Attorney's Fees  Page 8
Case 3:23-cv-00029-JMK   Document 76   Filed 04/17/24   Page 8 of 11

## C. The Court Will Not Award Attorney's Fees

Finally, Ms. Malaki seeks an award of attorney's fees under 42 U.S.C. § 1988 and argues that Ms. McAlister's claims against her were frivolous or meritless.[36] She highlights that no allegations supported the claim that Ms. Malaki acted with racial animus and that the majority of Ms. McAlister's claims were based on the mistaken belief that she was an employee of the State, which could have been corrected had Ms. McAlister conducted minimal research.[37] Ms. McAlister contends that fees are not warranted and that claims may be reasonable even if they are ultimately dismissed.[38]

In actions to enforce § 1981, § 1983, or § 1985, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."[39] "Authorization for attorney['s] fees under § 1988 is different for prevailing defendants in a civil rights action than for prevailing plaintiffs."[40] "A prevailing defendant is awarded attorney['s] fees only where the action is found to be 'unreasonable, frivolous, meritless or vexatious.'"[41] An action is "frivolous when the result is obvious or the [party's] arguments . . . are wholly without merit."[42] An action is meritless if it is "groundless or without foundation."[43] The Supreme Court has urged that district courts exercise caution in

---

[36] Docket 64 at 3–6.
[37] *Id.* at 4–6.
[38] Docket 65 at 4–6.
[39] 42 U.S.C. § 1988(b).
[40] *Legal Servs. of N. California, Inc. v. Arnett*, 114 F.3d 135, 141 (9th Cir. 1997) (citing *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994)).
[41] *Id.* (quoting *Vernon*, 27 F.3d at 1402).
[42] *Id.*
[43] *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

*McAlister v. State of Alaska, et al.*     Case No. 3:23-cv-00029-JMK
Order Directing Entry of Partial Final Judgment and Denying an Award of Attorney's Fees     Page 9
Case 3:23-cv-00029-JMK    Document 76    Filed 04/17/24    Page 9 of 11

applying these criteria and "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."[44] "Decisive facts may not emerge until discovery or trial."[45] Thus, "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."[46]

The Court dismissed Ms. McAlister's claims against Ms. Malaki because of deficiencies in her First Amended Complaint. Specifically, it found that allegations asserting that Ms. Malaki acted with racial animus were conclusory and unsupported.[47] Additionally, it found that Ms. McAlister did not adequately allege a conspiracy.[48] These flaws suggest poor pleading, not necessarily that the claims were themselves unreasonable. Indeed, given the absence of adequate allegations, the Court is not well positioned to judge whether Ms. McAlister had reasonable grounds to bring suit against Ms. Malaki. Ms. Malaki also makes the point that Ms. McAlister easily could have discovered that she was not a state employee and would have known her claims were baseless had Ms. McAlister conducted even cursory research.[49] But the fact that Ms. Malaki was a city employee is not material as it would not preclude suit under §§ 1983 or 1985(3).[50]

---

[44] *Id.* at 421–22.
[45] *Id.* at 422.
[46] *Id.*
[47] Docket 61 at 16–19.
[48] *Id.* at 19.
[49] Docket 66 at 5–6.
[50] *See, e.g., Huskey v. City of San Jose*, 204 F.3d 893, 904 (9th Cir. 2000) (noting individual local government officers may be liable under § 1983); *see also Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971) (clarifying that § 1985(3) covers wholly private conspiracies).

*McAlister v. State of Alaska, et al.*  Case No. 3:23-cv-00029-JMK
Order Directing Entry of Partial Final Judgment and Denying an Award of Attorney's Fees  Page 10
Case 3:23-cv-00029-JMK   Document 76   Filed 04/17/24   Page 10 of 11

Ultimately, although Ms. McAlister's claims against Ms. Malaki were poorly pled, the Court is not convinced that they are "unreasonable, frivolous, meritless or vexatious."[51] Accordingly, the Court will not award attorney's fees under 42 U.S.C. § 1988(b).

## IV. CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. Partial final judgment dismissing Ms. Malaki as a party in this matter is appropriate. However, an award of fees under 42 U.S.C. § 1988 is not warranted. Ms. Malaki's Motion at Docket 64 is **GRANTED IN PART** and **DENIED IN PART**.

2. Partial final judgment dismissing Ms. Jourdan as a party in this matter is appropriate. Ms. Jourdan's Motion at Docket 68 is **GRANTED**.

IT IS SO ORDERED this 16th day of April, 2024, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge

---

[51] *Arnett*, 114 F.3d at 141 (internal quotations omitted).

*McAlister v. State of Alaska, et al.* Case No. 3:23-cv-00029-JMK
Order Directing Entry of Partial Final Judgment and Denying an Award of Attorney's Fees Page 11
Case 3:23-cv-00029-JMK   Document 76   Filed 04/17/24   Page 11 of 11